NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MHA, LLC d/b/a MEADOWLANDS HOSPITAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRE HEALTHCHOICE HMO, INC., EMPIRE HEALTHCHOICE ASSURANCE, INC., ABC CORPS. 1-100,<br><br>    Defendants. | Civil Action No: 17-6391-SDW-LDW<br><br>**OPINION**<br><br>January 25, 2017 |

**WIGENTON**, District Judge.

Before this Court are 1) Plaintiff MHA, LLC's ("MHA" or "Plaintiff") Motion to Remand for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and 2) Defendant Empire Healthchoice HMO, Inc. and Empire Healthchoice Assurance, Inc.'s (collectively, "Empire" or "Defendants") Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED** and Defendants' Motion to Dismiss is **DISMISSED AS MOOT**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

MHA, a privately held company located in Secaucus, New Jersey, provides healthcare services to patients who "at all relevant times, were covered under healthcare plans sponsored, funded, operated, controlled and/or administered by" Defendants. (*Id.* ¶¶ 2, 5.) Defendants are

1

New York corporations providing "healthcare coverage to members and their dependents, as well as administrative services to various other plans." (*Id.* ¶¶ 7-9.) MHA was, at all relevant times, "an out-of-network, or non-participating healthcare provider" with regard to Defendants. (*Id.* ¶ 16.) MHA alleges Defendants wrongfully "refused to issue proper payment" for services MHA provided to thousands of patients covered by Defendants, even though Defendants explicitly pre-authorized or indicated "through word and deed" that they would reimburse Plaintiff for those services. (*Id.* ¶¶ 19-22.) As of April 2017, MHA alleges that it billed Defendants nearly $44 million for services rendered, of which Defendants have paid just under $5 million. (*Id.* ¶ 5.)

On July 12, 2017, MHA filed suit against Defendants in the Superior Court of New Jersey, Law Division, Essex County. (Dkt. No. 1-1.) MHA's ten-count Complaint asserts state and common law claims including breach of implied contract, breach of the covenant of good faith and fair dealing, unjust enrichment and *quantum meruit*, promissory estoppel, negligent misrepresentation, interference with economic advantage, and violations of New Jersey and New York statutes. (*Id.* at 12-25.) MHA asserts that all claims "arise from New Jersey and New York state common, statutory and regulatory law" and that no claims arise from "an assignment of benefits from the patient." (*Id.* ¶ 39.) The Complaint also explicitly states that the claims involve "reimbursement amounts paid by" Defendants and "do not arise under or implicate federal subject matter jurisdiction under the Employee Retirement Income Security Act (ERISA), or any other federal or statutory regulatory scheme." (*Id.* ¶ 40.)

On August 24, 2017, Defendants filed a notice of removal to federal court pursuant to 28 U.S.C. § 1441, 1446 (the "Notice"). (Dkt. No. 1.) The Notice states that because MHA is seeking "to recover alleged medical benefits that are subject to" ERISA, "the doctrine of complete preemption confers [federal question subject matter] jurisdiction pursuant to 28 U.S.C. § 1331."

(*Id*. ¶ 10.) On September 14, 2017, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that MHA's state law claims are preempted, or in the alternative, are barred and/or deficient. (Dkt. No. 6.) Plaintiff moved to remand on October 31, 2017. (Dkt. No. 16.) After a protracted briefing schedule, both motions were fully briefed as of December 22, 2017.

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] A claim "arises under" federal law if "a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983); *see also Caterpillar*, 482 U.S. at 392.

Pursuant to 28 U.S.C. § 1447(c) "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," a removed action must be remanded. Removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004). The removing party bears the burden of showing that removal is appropriate. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

---

[1] Defendants do not seek to remove on the basis of diversity jurisdiction, and rely "solely on the Court's original subject matter jurisdiction pursuant to 28 U.S.C. § 1331." (Dkt. No. 18 at 5.)

## III. DISCUSSION

Defendants' removal of MHA's suit is predicated on the argument that, even though MHA has only pleaded state law claims, those claims are pre-empted by ERISA. (Dkt. No. 18 at 15-35.) Generally, a plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995) (internal citation omitted). In certain limited cases, however, federal question jurisdiction exists over state law claims where "the state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). One such limited circumstance exists if the action "falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[C]omplete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id*. (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)); *see also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536 (KM)(MAH), 2017 WL 4011203, at *4 (D.N.J. Sept. 11, 2017).

"ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule, and permits removal.'" *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Davila*, 542 U.S. at 209); *see also Garrick Cox MD LLC v. Cigna Healthcare*, Civ. No. 16-4611

(SDW)(LDW), 2016 WL 6877778, at *2 (D.N.J. Oct. 28, 2016), *R&R adopted*, 2016 WL 6877740 (D.N.J. Nov. 21, 2016) (remanding case to state court). Under ERISA § 502(a), a claim is completely pre-empted and removable only if: "(1) the plaintiff could have brought the claim under § 502(a); and (2) no other independent legal duty supports plaintiff's claim." *N.J. Carpenters*, 760 F.3d at 303 (citing *Pascack*, 388 F.3d at 400). Some decisions have "further disaggregated the first prong . . . into two inquiries: 1(a) Whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B), and 1(b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B)." *Progressive*, 2017 WL 4011203 at *5 (emphasis in original). This two-part analysis, commonly referred to as the *Pascack* test, is "conjunctive [and] a state law cause of action is completely preempted only if both of its prongs are satisfied." *N.J. Carpenters*, 760 F.3d at 303 (internal citation omitted).

The first prong of the Pascack test, therefore, requires this Court to determine not only whether Plaintiff has standing to bring a claim under Section 502(a)(1)(B), but also whether Plaintiff's claim is a colorable claim for benefits. As to the first question, Section 502(a) permits claims brought by a "participant" or "beneficiary."[2] 29 U.S.C. § 1132(a) (1)-(4). A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a

---

[2] Although the statute allows claims by other entities such as the Secretary of Labor or individual States, those categories are inapplicable here. 29 U.S.C. § 1132(a)(1)-(11)

participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). MHA is neither a participant nor a beneficiary as defined by ERISA. Because MHA is a third-party provider and disclaims any attempt to assert the rights of the patients it treated,[3] MHA does not have standing to bring suit under Section 502(a).

Even if Plaintiff had standing, its claims are not the type permissible under Section 502(a). Section 502(a) allows a participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, MHA does not challenge the type, scope or provision of benefits under Defendants' healthcare plans. Rather, it seeks to assert rights as a third-party provider for payment. Disputes over the amount of reimbursement are not preempted by ERISA. *See, e.g., Pascack Valley*, 388 F.3d at 403-04 (holding that ERISA does not preempt dispute regarding the amount of payment made to a provider); *Cardonet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177-78 (3d Cir. 2014) (noting that claims "seeking *coverage* under a benefit plan, and claims seeking *reimbursement* for coverage provided" are different and that the latter is not preempted by ERISA) (emphasis in original); *Emergency Physicians of St.*

---

[3] The Complaint specifically pleads that no claims arise from "an assignment of benefits from the patient." (Compl. ¶ 39.) Defendants challenge this assertion by filing what they state is a valid assignment between MHA and one patient whose account remains unpaid by Defendants, and argues that MHA routinely enters into such assignments and is likely to have done so here. (Dkt. No. 18-1; Defs.' Br. 10.) Plaintiff in turn argues that the assignment is not valid because Defendants' plans contain an anti-assignment clause. (Pl.'s Reply Br. at 2.) This Court is not in a position to ascertain the authenticity or validity of the alleged assignment, nor does one assignment in a case involving thousands of patients alter this Court's analysis, particularly where MHA has chosen not to bring a claim as an assignee. *See, e.g.*, *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, Civ. No. 16-1544 (WJM), 2017 WL 659012, at *4 (D.N.J. Feb. 17, 2017), *R&R adopted by* 2017 WL 1055957 (noting that even if a provider "had received valid assignments and could have filed suit under ERISA, the mere existence of an assignment does not covert [a] state law claim for breach of contract into a claim to recover benefits under the terms of an ERISA plan").

*Clare's v. United Health Care*, Civ. No. 14-404 (ES)(MAH), 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014) (holding that ERISA does not "preempt claims over the *amount* of coverage provided, which includes disputes over reimbursement") (emphasis in original).

Because Plaintiff does not have standing to bring a claim under Section 502(a), this Court need not reach the second prong of the *Pascack* test.[4] As a result, remand is appropriate in this matter and Defendants' Motion to Dismiss is dismissed as moot. This Court takes no position as to the ultimate sustainability of Plaintiff's claims as that is a determination that can only be made by a court with subject matter jurisdiction over the Complaint.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED** and Defendants' Motion to Dismiss is **DISMISSED AS MOOT**. An appropriate order follows.

                                            ___/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
               Parties

---

[4] This Court notes, however, that Plaintiff's claims appear to be supported by legal duties independent of ERISA. "[A] legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *N.J. Carpenters*, 760 F.3d at 303 (internal citation omitted). "In other words, if the state law claim is not 'derived from, or conditioned upon, the terms of an ERISA plan, and [n]obody needs to interpret the plan to determine whether that duty exists,' then the duty is independent." *Id*. (internal citation omitted). MHA claims that Defendants provided it with independent assurances regarding payment for services it provided. This is sufficient at this stage of the proceedings to allege legal duties distinct from an ERISA plan. *See, e.g.*, *Garrick Cox*, 2016 WL 6877778 at *4.